The next case for oral argument this morning is Appeal No. 24-3172, United States v. Barnes. Mr. Baumstruck, whenever you're ready. Mr. Baumstruck May it please the court. Good morning, Your Honors. My name is Luke Baumstruck. I'm here representing Appellant David Barnes. One of the primary issues in front of us today for this case is, must this court take a district court's word when they say what they're doing? Or can it exercise its own judgment and read between the lines as to what's actually going on? Specifically, the question is whether the district court improperly considered a concurrent but separate supervised release matter and or defendant's juvenile convictions. Mr. Baumstruck, can I clarify please? Are you arguing that the district court committed procedural error with the guideline calculations or just that the sentence was substantively unreasonable given that it was above the guidelines and not sufficient explanation? It is the latter, Judge. So you're not arguing a procedural error, just a substantive unreasonableness, are you? That is correct, Judge. So if this court can read in between the lines, I would submit that that weighs heavily in favor of reversing this case and remanding it. The district court said that it wouldn't consider the supervised release matter separately. However, if the court looks at what the government actually argued, it specifically mentioned the supervised release case no fewer than four times. The court also, for some reason that the defense, that the appellant can't understand, pulled appellant's sentencing memorandum from the supervised release case and read that. There's direct reference to that in the sentencing memorandum. Do you think it's improper for the court to consider the fact that he was on supervised release when he committed this violation? Not entirely, Your Honor. Doesn't that go directly to the court's concern that he was a danger and there was a lack of deterrence? Judge, I think there is a difference between considering a defendant's priors and sentencing a defendant for a supervised release that is not in front of that court. It seems to me that the court's concern here with the supervised release was not that the court was sentencing him separately for that violation, but it went directly to the fact that he's on supervised release, he's already served prison time, and he's out committing crimes again. I think the court said, I would think that somebody that had been in jail wouldn't want to ever go back to jail, but you have a history of violating orders of the court to abide by probation and supervision. Doesn't that go directly to lack of deterrence? I think that statement does, Judge. However, there are multiple reasons why we can see that this was not a standard issue respect for the law kind of determination. First is that in the transcript for the guilty plea, the court asked the defense counsel whether he planned on consolidating the cases together. When he was informed that it was not defendant's intent to consolidate these cases together, the district court opined that consolidation is proper and that in the district court's experience, this is what has always happened. Then we have the district court pulling the sentencing memorandum from that separate case that was in front of another judge and reviewing that and considering that in the 2024 case. Next, the last thing that this district court judge said before imposing sentence was you've committed other crimes while you've been on supervision. Finally, if you look at the sentencing guidelines ranges for these separate cases, for the 2024 case, the range was 41 to 51 months. For the separate supervised release case, the range was 30 to 37 months. This district court sentenced this defendant going above the guidelines by over 40% to a sentence of 72 months, which fits squarely within that range when you add them together, the range when you add them together being 71 to 88 months. So the question is what's the problem with this? Why would this be an issue? And there are several answers to that. First is if you're being punished for the same thing twice, that's double jeopardy. Second is it's not a relevant consideration for the district court to be looking at in reaching its decision. The US v. Sims case is one that I cited in my brief where this court found it was illogical to base a sentence on the potential outcome in another court. Third, at the very least, it violates local rules as to how cases are to be allocated. And fourth, it deprives the defendant of the opportunity to argue what his sentence should be for supervised release. What happened in the supervised release case here? The supervised release case resulted in a sentence of 12 months consecutive. So the total sentence between both cases was 84 months. And that was imposed by a different judge after Judge Gilbert sentenced him to the 72. That is correct, Your Honor. Okay. Why is that a problem? Well, Judge, it's a problem because he's been sentenced twice for the same thing. It's not a relevant consideration for the sentencing judge in the 2024 case. It violates local rules as to how cases are to be allocated and how they're to be dealt with. But what local rule is violated here? Well, all of these courts, Judge, have rules as to how cases are sent out to an individual division. And if judges just start deciding that they're going to pull a case without any further process, that's violative of that rule. Isn't this a better argument made to the second sentencing judge? Judge, no, with all due respect. And the reason for that is that the second sentencing judge came in well below guidelines. Maybe because of what Judge Gilbert did. That is certainly possible. What's wrong with that? I don't have a problem with what the second judge did.  But should we reverse the second judge, too, if we reverse here? I mean, I don't understand what sense this makes. He can clearly take into account the defendant's conduct and history and characteristics. And he did. Agreed, agreed. But it seems like you're suggesting that because his history and characteristics counts as a different crime, then he can't take it into account. Which makes no sense to me. No, Judge. If it wasn't a supervised release violation, he could consider it. But because it was a supervised release violation, he can't. Judge, I think he can consider it, and the guidelines provide for that. The guidelines provided three criminal history points for that crime. And what did he do wrong? What he did wrong was he shot way over the guidelines, by over 40%, and did it because the supervised release case was not in front of him. So that's why your argument is that the sentence was substantively unreasonable. That is correct. And not a procedural problem. That is correct, Your Honor. Well, it looks like I've eaten up most of my time. So what I'd like to do, unless the court has any additional questions right now, I'd like to reserve. Of course. Thank you. Thank you. Mr. Carraway. Good morning. Good morning. Good morning, Your Honors. May it please the court, Daniel Carraway on behalf of the United States. Your Honor, I'll focus based on the appellant's clarification of why we're here today on the substantive reasonableness of defendant's sentence in the district court. But before I get to the substantive reasonableness, I want to differentiate with what I think the argument in the brief and the argument today isn't very clear. There's this discussion between the judge considering the supervised release sentence that was potentially going to be imposed by another district judge based on comments made at a change of plea hearing. Now, we cited in our brief the lead up to the quote that appellant wrote in his brief as to the court's statements. And when you look at the context of the judge's statements, it was in relation to setting the actual sentencing hearing. When the appellant wrote in his brief, in all the years I've been doing this, usually the same judge does both of them, that was the quote cherry-picked out of the change of pleas transcript. But when you look at what immediately preceded that is the court says, I hereby judge the defendant guilty of violating said offense. Sentencing will be set for November. Then he pauses and he says, let me ask you this. There's the revocation before Judge Rosenstengel, and then there's this discussion about potential combining them when he's looking at setting a sentencing hearing. But the final statement that the judge makes, which I think eliminates any argument that the appellant has that there was any improper consideration like in Sims, is the district court says when after Mr. Baumstark, who was the trial counsel below, says that he was not going to consolidate the cases, Judge Gilbert says, I will give him a sentence irrespective of what my knowledge is of the revocation. And then Judge Rosenstengel, who is the district judge that had the supervised release case, will do her own thing on the revocation. Your Honor, I think, and as Judge Kirsch mentioned, I think it's absolutely a proper consideration for the district court to consider the fact that Mr. Barnes was on supervised release for a drug trafficking offense in which he served 300 months later, I believe, based on some retroactive amendments to the guidelines, was reduced to 189 months. But that was a significant focus of the government's sentencing argument. The focus was not what the potential sentence is going to be on supervised release, but it was the fact that this defendant received a, what was later reduced to 189-month sentence. He was released on supervised release and immediately went back to distributing controlled substances. I certainly think that's an appropriate consideration for the judge. There's this other argument that was mentioned today. It's highlighted more in the brief as it relates to these juvenile convictions. The appellant has raised in this court, just as he did in the district court, that basically those juvenile convictions, because they did not receive criminal history points, should not be considered at all. Procedurally, it was a little bit different. These were actually adult convictions that after Mr. Barnes served a period of imprisonment were later voided and entered as juvenile adjudications. But based on the age of those, obviously he served an extended period of time in the Bureau of Prisons, the two juvenile adjudications for robbery with a firearm and aggravated discharge did not receive criminal history points. What he's asking the court to do is just ignore them, as he asked the district court to do, which is contrary to this court's holdings in McIntyre and Cunningham, where we're not bound by a criminal history number that the guidelines spit out. There are certainly considerations on if the district court determines that a criminal history category either over-represents or under-represents an individual's criminal history. And if you look at the sentencing transcript, that's exactly what Judge Gilbert in the district court did. He went through defendant's criminal history. He said that he may be one of those people that simply cannot conform to a law-abiding life. If you look at the transcript, there's multiple pages on pages 58, 59, and 60, where the district court talks about continued criminal offenses while under previous court orders, that being most recently while under supervised release. He talks about the need for deterrence and the statement that I believe Judge St. Eve mentioned that an individual that served a 300-month sentence, the court would think that he would not want to return to a term of imprisonment. Despite that sentence, he went right back to dealing. That was on page 59 of the transcript. And then on page 60, the court goes into, with thinking about McIntyre and Cunningham, found that the criminal history category underrepresented his criminality and seriousness of his criminal conduct and believed that the above guideline sentence was warranted. He looked at that sentence. He found that this was an individual who had a prior conviction for robbery with a firearm, prior conviction for aggravated discharge of a firearm after he shot at a victim. He had multiple marijuana-related convictions, convictions for fleeing and eluding law enforcement, and then the 2009 federal drug conspiracy conviction. There was an imposed 300-month sentence later reduced to 189. The court noted, and I think as Judge Kirsch mentioned, Judge St. Eve mentioned, he was on supervised release for a drug-related offense when he began dealing again. Certainly something that would indicate a variance above the guidelines was appropriate. The appellant today has disclaimed any procedural error by the court and has rested on a subsequently unreasonable attack to this defendant's 72-month sentence. Your Honor, the government would contend that certainly his sentence is reasonable in reviewing those 3553A factors as Judge Gilbert did on the record in the district court. A 72-month sentence, which is a variance above the guideline, for a now two-time federal convicted drug dealer and an individual with multiple violent offenses is substantively reasonable, and unless this court has any questions, the United States would ask the court to affirm the sentence imposed by the district court in all respects. Thank you, Mr. Carraway. Thank you, Your Honor. Mr. Baumstark, you have a little bit left. Thanks very much. I'm going to try to go quickly here because I have a little more to say. First, if the court had actually done as the government suggests and based this sentence just on disparities with the defendant's criminal history, why didn't it say that in the Statement of Reasons? There's a box right there for the court to check. It did not check that box. It checked the government's motion for variance and to reflect seriousness of the offense, promote respect for the law, and provide just punishment for the offense. If we break those down very quickly, the seriousness of the offense, this was a garden variety sale of cocaine. There was nothing particularly egregious or aggravating about it. As to providing just punishment, the same thing applies. What the court was really getting at was promoting respect for law and to protect the public from the future crimes of the defendant, which it reached by looking at the government's motion. The government's motion, if you track it through, argues the supervised release case, juvenile history, returns to the supervised release case, makes a throwaway line about whether the defendant was willing to also sell methamphetamine, and then returns back to the supervised release case a third time. I would submit to the court that unless this district court gave an upward variance of over 40% because a known drug dealer expressed a willingness to sell drugs, then the real reason why it went over 40% is because it was sentencing him for both, the 2024 case and the supervised release matter. Thank you, Mr. Baumstark. Mr. Baumstark, I understand you've been appointed in this case. Thank you for your service to your client and to the court. Thank you very much. I appreciate the court's patience this morning. Thanks to both counsel in the case. The case will be taken under advisement.